UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA J. LAWSON, | ) | CASE NO. 4:16cv1057 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| CITY OF YOUNGSTOWN, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff Sheila J. Lawson brings this action against the City of Youngstown and 106 other defendants, including judges, police officers, attorneys, and named and unnamed private citizens. Because she is proceeding without an attorney, the Court holds her complaint to a less stringent standard than one drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003) (citations omitted); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citations omitted).

Pursuant to *Apply v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *See id*. at 480 (citation omitted); *see also Neitzke v. Williams*, 490 U.S. 319,

325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990) (citations omitted).

Plaintiff's complaint raises nine discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 and Ohio Rev. Code § 4112, all of which appear to relate to her discharge from the position of Court Administrator for the Youngstown Municipal Court and the federal lawsuit that she filed challenging her discharge. (*See Lawson v. City of Youngstown*, Case No. 4:10cv2945, dismissed with prejudice Sept. 30, 2013 by Doc. No. 157.) The Court has reviewed the more than 500 factual allegations offered in support of these claims, and finds that plaintiff's claims are patently unsubstantial and/or frivolous, and, concludes, as a result, that dismissal with prejudice is warranted.

The focal point of plaintiff's 111-page complaint is her belief that defendants, either individually or in concert with various other defendants, have been covertly monitoring her via "unauthorized surveillance and communications equipment," which she refers to as "USACE." (Doc. No. 1 (Complaint ["Compl."]) ¶ 137.) She claims that defendants have been "surreptitiously relay[ing] communications to individuals in order to stalk" plaintiff and to disrupt her previously filed employment discrimination lawsuit and a separate criminal matter in which she was a defendant. (Doc. No. 1 (Complaint ["Compl."]) ¶¶ 137-38; *see, e.g., id*. ¶¶ 271-78, 278, 284-86, 290-311, 315, 318-21, 326-29, 334-55, 358-60, 364-66, 369-70, 373-77, 380-84, 386, 388-91, 394-96, 398, 401-05, 407-19.)

Plaintiff also attacks actions taken by two judicial officers of this Court during the

pendency of the aforementioned employment discrimination lawsuit, as well as actions by counsel in state court and federal court. (*See, e.g.*, ¶¶ 164-69.) Further, she reports the presence of strange visitors to her neighborhood, suspicious text messages she has received from people from which she has been estranged, and discussions she has had with certain police officers regarding matters unrelated to her federal or state court actions. (*Id*. ¶¶ 95-96, 187-92, 197-98, 211-13, 225, 247.)

Even liberally construed, the complaint does not contain allegations remotely suggesting plaintiff might have a valid claim. *See*, *e.g., Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Indeed, it is readily apparent to this Court that plaintiff's fact allegations of secret monitoring and tracking are conclusory, frivolous, and fanciful. *See Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (a finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible ..."); *Apple*, 183 F.3d at 479; *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims); *see, e.g., Walker v. City of Memphis*, No. 15-cv-2340, 2015 WL 3852846, at *3 (W.D. Tenn. May 28, 2015) (pro se plaintiff's complaint alleging use of a "control monitor" to read his mind in retaliation for previously filed lawsuit was properly dismissed as frivolous). Moreover, to the extent that she is attempting to re-litigate her previously filed employment discrimination action here, such activity would be barred by *res judicata*. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982) (Under *res*

*judicata*, a final judgment on the merits of an action bars re-litigation between the parties or their privies on issues that were or could have been raised in that action); *W.J. O'Neil Co. v. Shepley*, *Bullfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 630 (6th Cir. 2014) (same) (citation omitted).

Accordingly, this action is dismissed.

**IT IS SO ORDERED**.

Dated: May 17, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**